**O'HAGAN MEYER LLP**
KATHERINE C. DEN BLEYKER, SBN 257187
  E-Mail: kdenbleyker@ohaganmeyer.com
ALYSON DUDKOWSKI, SBN 259728
  E-Mail: adudkowski@ohaganmeyer.com
550 S. Hope Street, Suite 2400
Los Angeles, California 90071
Telephone:  213.647.0005

Attorneys for Defendant,
WALASHEK INDUSTRIAL & MARINE, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MURGAS, individually and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>WALASHEK INDUSTRIAL & MARINE, INC. and DOES 1 through 50, inclusive,<br><br>    Defendants. | CASE NO.: **'25CV0263 MMAJLB**<br><br>**DECLARATION OF ALYSON DUDKOWSKI IN SUPPORT NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446**<br><br>**[FEDERAL QUESTION JURISDICTION]**<br><br>[Filed concurrently with Notice of Removal; Declaration of Paul Hicks; Certification and Notice of Interested Parties; Civil Cover Sheet]<br><br>District Judge:<br>Courtroom:<br><br>Removal Filed:<br>Action Filed:          December 19, 2024 |

I, Alyson Dudkowski, declare as follows:

1.     I am an attorney duly admitted to practice in all of the courts of the State of California. I am a partner with O'Hagan Meyer LLP, attorneys of record for Defendant WALASHEK INDUSTRIAL & MARINE, INC ("Walashek"). I submit this declaration in support of Walashek's Notice of Removal. Unless otherwise

indicated, I state the following of my own personal knowledge or from O'Hagan Meyer's business records, which are made at or near the time that the records are created and/or executed, are maintained in the regular course of its business, and which are currently in my custody. If called upon to do so, I could and would competently testify under oath to the following facts.

2.    On December 19, 2024, Plaintiff Kevin Murgas ("Plaintiff") filed his Complaint in the Superior Court of the State of California, for the County of San Diego entitled *Kevin Murgas v. Walashek Industrial and Marine, Inc. and DOES 1 through 50, inclusive,* Case No. 24CU02901C. Plaintiff also filed a Summons on Complaint and a Civil Cover Sheet. Attached as **Exhibit 1** are a true and correct copies of the Summons, Civil Cover Sheet and Complaint in this matter.

3.    Plaintiff served on Walashek on December 23, 2024.

4.    On or around January 16, 2025, during the course of our investigation of Plaintiff's allegations, I discovered that a significant amount of work by Walashek's employees was performed on military bases, specifically Marine Corps Base Camp Pendelton ("Camp Pendelton") and Naval Base San Diego ("32nd Street").

5.    Shortly thereafter, I reviewed Plaintiff's timesheets and determined that a clear majority of the pertinent events giving rise to Plaintiff's claims took place on federal enclaves, specifically Camp Pendleton and 32nd Street.

6.    To the best of my knowledge, no other defendant(s) have either been named or served in the instant action.

///
///
///
///
///
///

DECLARATION OF ALYSON DUDKOWSKI IN SUPPORT OF REMOVAL OF CIVIL ACTION PURSUANT TO NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446

7.     My office will promptly serve a copy of Walashek's Notice of Removal and all supporting papers on Plaintiff's counsel and will also promptly file the Notice and all supporting papers with the Clerk of the Superior Court for the State of California, County of San Diego.

I declare under penalty of perjury that the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on February 5, 2025, at Los Angeles, California.

Alyson Dudkowski

DECLARATION OF ALYSON DUDKOWSKI IN SUPPORT OF REMOVAL OF CIVIL ACTION PURSUANT TO NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446

# EXHIBIT 1



## Notice of Service of Process

**null / ALL**
**Transmittal Number: 30496170**
**Date Processed: 12/23/2024**

| | |
|---|---|
| **Primary Contact:** | Cathryn May<br>Walashek Industrial & Marine, Inc.<br>3411 Amherst St<br>Norfolk, VA 23513-4057 |

**Electronic copy provided to:**    Karen Dzupinka

| | |
|---|---|
| **Entity:** | Walashek Industrial & Marine, Inc.<br>Entity ID Number  4332942 |
| **Entity Served:** | Walashek Industrial & Marine, Inc. |
| **Title of Action:** | Kevin Murgas vs. Walashek Industrial & Marine, Inc. |
| **Matter Name/ID:** | Kevin Murgas vs. Walashek Industrial & Marine, Inc. (16678806) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | San Diego County Superior Court, CA |
| **Case/Reference No:** | 24CU029601C |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 12/23/2024 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Ferraro Vega Employment Lawyers, Inc.<br>619-693-7727 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WALASHEK INDUSTRIAL & MARINE, INC. and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KEVIN MURGAS, individually and on behalf of others similarly situated

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
12/19/2024 10:38:47 AM

Clerk of the Superior Court
By C. Hines            ,Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Diego County Superior Court - Hall of Justice<br>330 West Broadway, San Diego, California 92101<br>San Diego CA 92101 | **CASE NUMBER:**<br>*(Número del Caso):*<br>**24CU029601C** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Nicholas J. Ferraro (SBN 306528) / Lauren N. Vega (SBN 306525)   Telephone: (619) 693-7727
Ferraro Vega Employment Lawyers, Inc. 3333 Camino del Rio South, Suite 300, San Diego, CA 92108

| | | |
|---|---|---|
| DATE:<br>*(Fecha)* December 20, 2024 | Clerk, by<br>*(Secretario)* _____ C. Hines | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Walashek Industrial & Marine, Inc.

under: ☒ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
      ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
      ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
      ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Nicholas J. Ferraro (SBN 306528) / Lauren N. Vega (SBN 306525)<br>Ferraro Vega Employment Law, Inc.<br>3333 Camino del Rio South, Suite 300, San Diego, CA 92108<br>TELEPHONE NO.: (619) 693-7707    FAX NO.: (619) 350-6855<br>EMAIL ADDRESS: nick@ferrarovega.com / lauren@ferrarovega.com<br>ATTORNEY FOR *(Name):* Plaintiff Kevin Murgas | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Diego<br>STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY AND ZIP CODE: San Diego 92101<br>BRANCH NAME: San Diego County Superior Court - Hall of Justice | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>12/19/2024 10:38:47 AM<br><br>Clerk of the Superior Court<br>By C. Hines            ,Deputy Clerk |
| CASE NAME:<br>Kevin Murgas v. Walashek Industrial & Marine, Inc. | |

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited** [ ] **Limited**<br>(Amount          (Amount<br>demanded         demanded is<br>exceeds $35,000) $35,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 24CU029601C |
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is    [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* 10 - Wage and Hour Claims
5. This case [x] is    [ ] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 19, 2024

Nicholas J. Ferraro                                                    *Nicholas J. Ferraro*
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024]    **CIVIL CASE COVER SHEET**    Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**    **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

CM-010 [Rev. January 1, 2024]    **CIVIL CASE COVER SHEET**

Nicholas J. Ferraro (State Bar No. 306528)
Lauren N. Vega (State Bar No. 306525)
Xavier L. Woodford (State Bar No. 355326)
Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
(619) 693-7727 main / (619) 350-6855 fax
nick@ferrarovega.com / lauren@ferrarovega.com
xavier@ferrarovega.com

*Attorneys for Plaintiff Kevin Murgas*

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
    12/19/2024 10:38:47 AM

Clerk of the Superior Court
By  C. Hines        ,Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| KEVIN MURGAS, individually and on behalf of others similarly situated,<br><br>             Plaintiffs,<br><br>vs.<br><br>WALASHEK INDUSTRIAL & MARINE, INC. and DOES 1 through 50, inclusive,<br><br>             Defendants. | Case No.    24CU029601C<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT**<br><br>1. Failure to Pay All Wages Owed<br>2. Failure to Pay All Overtime Wages<br>3. Meal Period Violations<br>4. Rest Period Violations<br>5. Paid Sick Leave Violations<br>6. Untimely Payment of Wages<br>7. Wage Statement Violations<br>8. Waiting Time Penalties<br>9. Failure to Reimburse Business Expenses<br>10. Unfair Competition |

Plaintiff KEVIN MURGAS, on behalf of all others similarly situated ("Plaintiff") brings this CLASS ACTION COMPLAINT against Defendants WALASHEK INDUSTRIAL & MARINE, INC., and DOES 1 through 50, inclusive (collectively "Defendants"), alleging as follows:

## INTRODUCTION

1.    This is a class action for wage and hour violations of the California Labor Code.

2.    Defendants failed to compensate Plaintiff and the class members for all hours suffered or permitted to work in violation of the applicable IWC Wage Order.

3.    Defendants' underpayment of wages facilitated by their unlawful company-wide practice of requiring off-the-clock work without compensation and editing time records to show fewer hours worked than Plaintiff and the class members actually worked.

4.    Defendants failed to pay Plaintiff and the class members all minimum and overtime wages due to unlawful policies and practices of requiring off-the-clock work.

5.    Defendants failed to provide, authorize, and/or permit Plaintiff and the class members to take compliant meal and rest periods to which they were entitled. Yet, Defendants did not pay Plaintiff and the class members all meal and rest period premiums.

6.    Defendants failed to reimburse Plaintiff and the class member for necessary expenses incurred in furtherance of the class members' job duties.

7.    Defendants' employment policies, practices, and payroll administration systems enabled and facilitated these violations on a company-wide basis with respect to the class members.

8.    Defendants are further liable for derivative claims for wage statement, untimely payment, and other associated violations.

## JURISDICTION & VENUE

9.    Jurisdiction of this action is proper in this Court under Article VI, Section 10 of the California Constitution as the causes of action are premised upon violations of California law.

10.    The monetary damages and restitution sought exceed the minimal jurisdiction limits of the Superior Court.

11.    This Court has jurisdiction over Defendants because, upon information and belief, Defendants have sufficient minimum contacts in California, or otherwise intentionally avail

- 1 -

1  themselves to the California economy so as to render the exercise of jurisdiction over them by the

2  California courts consistent with traditional notions of fair play and substantial justice.

3      12.    Venue is proper in this Court under Code of Civil Procedure sections 393(a), 395,

4  and/or 395.5 because, upon information and belief, Defendants conducted business and committed

5  some of the alleged violations in this County.

6  **PARTIES**

7  **A.**    **Plaintiff Kevin Murgas**

8      13.    Plaintiff Murgas is an individual over 18 years of age who worked for Defendants in

9  California as a non-exempt employee from about April 2023 to October 2024.  Plaintiff worked as a

10  Mechanic I.

11  **B.**    **Defendants**

12      14.    Defendant Walashek Industrial & Marine, Inc., is a Washington corporation that

13  maintains operations and conducts business throughout the State of California, including in this

14  county.

15      15.    The true names and capacities, whether individual, corporate, or otherwise, of the

16  parties sued as DOES 1 through 50, are presently unknown, unascertainable, or uncertain, and are sued

17  by such fictitious names under Code of Civil Procedure section 474.  Upon information and belief,

18  each of DOES 1 through 50 constitutes a legal employer or is otherwise legally responsible in some

19  manner for the acts and omissions alleged herein.  This Complaint may be amended to reflect their

20  true names and capacities once ascertained.

21      16.    Upon information and belief, Defendants in this action are employers, co-employers,

22  joint employers, and/or part of an integrated employer enterprise, as each of the Defendants exercised

23  control over the wages, hours, and working conditions of the employees, suffered and permitted them

24  to work, and otherwise engaged them as employees under California law.

25      17.    Upon information and belief, at least some of the Defendants have common ownership,

26  common management, interrelationship of operations, and centralized control over labor relations and

27  are therefore part of an integrated enterprise and thus jointly and severally responsible for the acts and

28  omissions alleged herein, including pursuant to Labor Code sections 558, 558.1, and 1197.1.

- 2 -

CLASS ACTION COMPLAINT
*Murgas v. Walashek Industrial & Marine, Inc.*

18.    Upon information and belief, Defendants acted in all respects pertinent to this action as an alter-ego, agent, servant, joint employer, joint venturer, co-conspirator, partner, in an integrated enterprise, or in some other capacity on behalf of all other co-defendants, such that the acts and omissions of each defendant may be legally attributable to all others.

## CLASS ALLEGATIONS

19.    This action is brought individually and on behalf of the following class pursuant to Code of Civil Procedure section 382:

a.    All current and former non-exempt employees who worked for Defendants in California at any time from four years (plus the additional 178-day statutory tolling period under Emergency Rule 9) prior to the filing of this action through date of class certification.

20.    Plaintiff reserves the right to establish various subclass definitions as appropriate at the class certification stage, according to proof.

21.    The class is ascertainable and shares a well-defined community of interest in this litigation:

a.    <u>Numerosity</u>: The class is estimated to exceed 50 individuals, although the precise membership of the entire class is unknown at this time. The class is so numerous that joinder of all class members is impracticable. The identities of class members are ascertainable by inspection of Defendants' employment and payroll records.

b.    <u>Typicality</u>: Plaintiff's claims are typical of the claims of the other class members. They were subject to the same policies and practices of Defendants, which resulted in losses to the class. Proof of common unlawful business practices, which Plaintiff experienced, will establish the right of the class to recover on the causes of action alleged herein.

c.    <u>Adequacy</u>: Plaintiff is an adequate class representative; will take all necessary steps to protect the class members' interests adequately and fairly; has no interest antagonistic to other class members; and is represented by attorneys

- 3 -

CLASS ACTION COMPLAINT
*Murgas v. Walashek Industrial & Marine, Inc.*

who have substantial experience prosecuting, defending, resolving, and litigating wage and hour class, collective, and representative actions in California state and federal courts.

d.    <u>Superiority</u>: A class action is superior to other means for adjudicating this dispute. Individual joinder is impractical. Class treatment will allow for common issues to be resolved in a single forum, simultaneously, and without duplication of effort and expense.

e.    <u>Public Policy Considerations</u>: Certification of this lawsuit as a class action advances the State of California's strong public interest in ensuring its approximately millions of employed residents are properly paid the wages they earned for the hours they worked. Class actions provide a mechanism for enforcement of labor laws and allow for vindication of employee rights by unnamed class members.

22. Common questions of law and fact as to the class members predominate over questions affecting only individual members. The common questions of law and fact exist as to whether the employment policies and practices formulated by Defendants and applied to the class members constitute violations of California law.

**GENERAL ALLEGATIONS**

23. Plaintiff and the class members worked for Defendants as non-exempt employees and were compensated on an hourly basis.

24. Defendants failed to pay Plaintiff and the class members at the lawful minimum wage rate for all hours worked, resulting in unpaid minimum wages.

25. First, Defendants engaged in an unlawful policy and practice of requiring Plaintiff and the class members to complete work while off-the-clock, without compensation. For example, Defendants failed to pay Plaintiff and the class members for all hours worked because of Defendants' practice of editing employees' time records to insert false meal period entries (i.e., timeshaving).

26. Defendants engaged in a pattern of editing employees' time records that resulted in an underpayment of regular and overtime wages to Plaintiff and the class members. For example, when

- 4 -

1    Plaintiff worked 10 hours in a day, Defendants would auto-deduct 30 minutes from his timesheet. The

2    revisions were made without employees' consent. Plaintiff and the class members were deprived of

3    regular, and overtime wages each time Defendants altered their time records to make it appear as

4    though they had taken a 30-minute meal period when in reality they had a shorter/interrupted meal

5    period or no meal period at all. Plaintiff is informed and believes that other employees suffered the

6    same violations.

7        27.     Second, Plaintiff and other class members were required to arrive at the job site about

8    20-30 minutes before their scheduled time in order to complete security checks at the gate entrance,

9    but they were not allowed to clock in for the time spent waiting and completing these security checks.

10    Instead, Plaintiff and class members were required to clock in when they arrived at the ship or at their

11    scheduled time, rendering the time spent waiting in the security check non-compensable and off-the-

12    clock. The California Supreme Court has held "time spent on the employer's premises waiting for,

13    and undergoing, required exit searches of packages, bags, or personal technology devices voluntarily

14    brought to work purely for personal convenience was compensable as 'hours worked' within the

15    meaning of wage order No. 7-2001" reasoning that "[a]ccording to the 'hours worked' control clause

16    in the wage order, such employee[s] must be paid. *Frlekin v. Apple Inc.* (2020) 8 Cal. 5th 1038.

17    Plaintiff and, on information and belief, other class members were not properly compensated for the

18    time it took them to undergo security checks, resulting in unpaid minimum wage and overtime for the

19    associated hours worked.

20        28.     Defendants failed to pay Plaintiff and the class members overtime wages at the lawful

21    rate of pay for overtime hours worked, resulting in unpaid overtime wages.

22        29.     As described above, Defendants engaged in an unlawful policy and practice of

23    requiring off-the-clock work. To the extent that this unlawful practice resulted in unpaid hours worked

24    over eight (8) hours in a day or (40) hours in a week, this resulted in unpaid overtime.

25        30.     Defendants failed to comply with California's paid sick leave laws with respect to the

26    class members. Due to Defendants' unlawful policy of requiring Plaintiff and the class members to

27    continue working off-the-clock, Defendants failed to provide Plaintiff and the class members with all

28

1 | sick leave accrued. Therefore, Plaintiff and the class members were underpaid sick pay whenever
2 | Defendants failed to include all hours worked.

3 |     31.    Further, Defendants violated Labor Code section 246(i) by failing to provide Plaintiff
4 | and the class members with written notice of the amount of paid sick leave available on the employees
5 | itemized wage statement. An illustrative example of this violation is shown in Plaintiff's wage
6 | statement for the pay period from 6/24/2024 to 7/7/2024. Here, Plaintiff earned eight (8) hours of paid
7 | time off ("PTO") and/or sick pay at a rate of $26.00 per hour and worked 64 regular hours. However,
8 | Defendants failed to provide written notice of the leave accrual amount on Plaintiff's wage statement.
9 | Plaintiff is informed and believes that other employees suffered the same violations.

10 |     32.    Defendants failed to provide compliant meal periods to Plaintiff and the class members
11 | to which they were entitled in a manner that complies with California Law. Plaintiff and the class
12 | members routinely experienced missed, late, short, and/or interrupted meal periods in order to keep
13 | up with high demands of the job. For example, when Plaintiff was scheduled to start work at 5:00am
14 | – 3:30pm, Defendants required Plaintiff to take his lunch at 10:50am every day (after the 5th hour).
15 | Plaintiff alleges that he was prohibited from taking a meal break whenever he could because
16 | Defendants' set a time for him to take a lunch break each day. Thus, Defendants maintained an
17 | unlawful policy and practice of requiring employees to take noncompliant meal periods.

18 |     33.    Moreover, and as mentioned above, despite Defendants' failure to provide compliant
19 | meal periods, Defendants willfully engaged in this auto-deduct policy for meal periods. Specifically,
20 | the time punches for Plaintiff and, on information and belief, other class members reflect automatic
21 | deductions of 0.5 hours (or 30 minutes) almost every workday, regardless of whether a meal period
22 | was taken. Defendants engaged in this unlawful policy and practice without the employees' consent,
23 | and without the option to edit the auto-deductions in their timesheets.

24 |     34.    Lastly, Defendants failed to provide Plaintiff and class members with a compliant first
25 | and second meal period when they worked 10 or more hours in a day. An illustrative example of this
26 | violation is shown in Plaintiff's Time Records from 01/14/2024 to 01/18/2024 and Wage Statement
27 | for the period between 01/08/2024 to 01/21/2024. On 1/16/2024 and 1/18/2024, Plaintiff worked over
28 | 12 hours in a day without a compliant first and second meal period. Thus, Plaintiff was owed a meal

- 6 -

CLASS ACTION COMPLAINT
*Murgas v. Walashek Industrial & Marine, Inc.*

period premium for each noncompliant meal period suffered. However, Defendants failed to pay Plaintiff a premium during the pay period he suffered such violations. When Defendants did not provide compliant meal periods, Defendants failed to pay Plaintiff and other class members all meal period premiums in violation of Labor Code section 226.7. Plaintiff is informed and believes this unlawful practice of failing to pay all meal period premiums occurred with respect to other class members.

35.    Similar to the reasons Plaintiff and other class members were unable to take compliant meal periods, such as the pressures to keep up with high demands of the job, Plaintiff and the class members were not authorized or permitted to take their rest periods. Moreover, when Plaintiff and the class members worked over 10 hours in a day, Defendants failed to provide compliant third rest periods. As a matter of common policy and practice, Defendants failed to pay Plaintiff and the class members rest period premiums when they were unable to take rest periods.

36.    Defendants required Plaintiff and the class members to incur costs for work-related purposes without full reimbursement. In direct consequence of their job duties, Plaintiff and the class members unavoidably and necessarily incurred these losses, expenditures, costs, and as a matter of policy and practice. Specifically, Defendants required Plaintiff and the class members to utilize their personal cell phone to complete necessary work tasks, such as contacting drivers to bring supplies to the drop site. Furthermore, Defendants required Plaintiff and class members to purchase and utilize their own tools such as dockets, ratchets, and wrenches for work-related purposes.

37.    Defendants did not provide reimbursement for employees' use of personal cell phones and tools. Instead, Plaintiff and the class members bore the cost of these requirements, without reimbursement.

38.    Defendants failed to provide accurate itemized wage statements to the class members each pay period as a result of the policies and practices set forth in the PAGA notice. Defendants violated Labor Code section 226(a)(1) and (5) by not listing the correct "gross wages earned" or "net wages earned," as the employees earned wages and premiums that were not paid, resulting in an inaccurate reflection, and recording of "gross wages earned" on those wage statements.

- 7 -

CLASS ACTION COMPLAINT
*Murgas v. Walashek Industrial & Marine, Inc.*

39.    Likewise, in violation of Labor Code section 226(a)(9), Defendants failed to state on employee wage statements each pay period the applicable hourly rates in effect and the number of hours worked at that rate, as Defendants failed to pay all wages and premiums owed to employees. The amounts stated are instead depreciated and underpaid, resulting in an inaccurate reflection on the pay stub.

40.    Defendants violated Labor Code section 226(a)(2) by failing to accurately list employees' "total hours worked," as the wage statements did not accurately include the uncompensated time Plaintiff and other class members worked due to Defendants policy and practice of requiring off-the-clock work and time shaving.

41.    Because of the policies and practices set forth in the PAGA notice, including the failure to accurately account for wages earned or hours worked, Defendant failed to accurately maintain records in accordance with Labor Code section 1174 and the IWC Wage Orders.

42.    As a result of the foregoing violations, Defendants also failed to timely pay all wages as they were due to Plaintiff and the class members while they were employed and also failed to timely pay all wages due to Plaintiff and class members at their separation of employment.

### FIRST CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES OWED

### Violation of Labor Code §§ 200, 218, 1194, 1194.2 and 1197

### (All Claims Alleged by Plaintiff and Class Members Against All Defendants)

43.    All outside paragraphs of this Complaint are incorporated into this section.

44.    This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 200, 218, 1182.12, 1194, 1194.2, 1197, 1197.1 and 1198 and the IWC Wage Orders (the "Hours and Days of Work" and "Minimum Wages" sections of the applicable orders), which require non-exempt employees be timely paid at least the state or local minimum wage (if higher) for each hour of work, and further provide a private right of action for an employer's failure to pay all minimum wages (plus liquidated damages).  In addition to minimum wages, Labor Code § 200 states that "'wages' includes all amounts for labor performed by employees of every description, whether the amount is

fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation."

45.    Defendants willfully failed in their affirmative obligation to pay Plaintiff and class members at least the lawful minimum wage for each hour worked in violation of Labor Code sections 1182.12, 1194, 1194.2, 1197, 1197.1 and 1198 and the IWC Wage Orders (the "Hours and Days of Work" and "Minimum Wages" sections of the applicable orders), including payment at the lawful local and county minimum wage ordinances in effect.  As a result, Defendants are liable for all associated damages, including liquidated damages for the minimum wage violations pursuant to Labor Code § 1194.2.

46.    Defendants' unlawful acts and omissions deprived Plaintiff and class members of minimum, regular and overtime wages in amounts to be determined at trial.  Plaintiff and class members are entitled to recover the full amount of the unpaid wages, plus liquidated damages in an amount equal to the wages unlawfully unpaid (and interest thereon), in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code sections 1194 and 1194.2, 218.6 and any other applicable statutes.

### SECOND CAUSE OF ACTION

### FAILURE TO PAY ALL OVERTIME WAGES

#### Violation of Labor Code §§ 510 and 1194

47.    All outside paragraphs of this Complaint are incorporated into this section.

48.    This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 204, 510, 558, 1194, and 1198, which require non-exempt employees be timely paid overtime wages all overtime hours worked, and which further provide a private right of action for an employer's failure to pay all overtime compensation for overtime hours worked.

49.    Defendants failed in their affirmative obligation to pay Plaintiff and class members no less than one and one-half times their respective "regular rate of pay" for all hours worked in excess of eight hours in one day, 40 hours in one week, or the first eight hours worked on the seventh day of work in any one workweek, and no less than twice their respective "regular rate of pay" for all hours over 12 hours in one day and any work in excess of eight hours on any seventh day of a workweek for

- 9 -

1  such hours worked, in violation of Labor Code sections 204, 510, 558, 1194, and 1198 and the IWC

2  Wage Orders (the "Hours and Days of Work" sections of the applicable orders).

3       50.    Plaintiff and class members are entitled to recover the full amount of the unpaid

4  overtime, in addition to interest, statutory and civil penalties, and attorneys' fees, and costs to the

5  extent permitted by law.

### THIRD CAUSE OF ACTION

### MEAL PERIOD VIOLATIONS

### Violation of Labor Code §§ 226.7 and 512

9       51.    All outside paragraphs of this Complaint are incorporated into this section.

10      52.    This cause of action is brought pursuant to the IWC Wage Orders and Labor Code

11  §§ 226.7, 558 and 512, which require non-exempt employees be provided complaint meal periods (or

12  meal period premiums in lieu thereof), and which further provide a private right of action for an

13  employer's failure to lawfully provide all meal periods and/or pay meal period premiums at the lawful

14  regular rate of compensation.

15      53.    Defendants willfully failed in their affirmative obligation to consistently provide

16  Plaintiff and class members compliant, duty-free meal periods of not less than 30 minutes beginning

17  before the fifth hour of hour for each work period of more than five hours per day and a second duty-

18  free meal period of not less than 30 minutes beginning before the tenth hour of hour of work in

19  violation of Labor Code sections 226.7, 512, 558, 1198 and the IWC Wage Orders (the "Meal Periods"

20  sections of the applicable orders).

21      54.    Further, Defendants willfully failed in their affirmative obligation to consistently pay

22  Plaintiff and class members one additional hour of pay at the respective regular rate of compensation

23  for each workday that a fully compliant meal period was not provided, in violation of Labor Code

24  sections 226.7, 512, 558, and 1198 and the IWC Wage Orders (the "Meal Periods" sections of the

25  applicable orders).

26      55.    Plaintiff and class members are entitled to recover the full amount of the meal period

27  premiums owed, in addition to interest, statutory and civil penalties, and attorneys' fees, and costs to

28  the extent permitted by law.

CLASS ACTION COMPLAINT
*Murgas v. Walashek Industrial & Marine, Inc.*

**FOURTH CAUSE OF ACTION**

**REST PERIOD VIOLATIONS**

**Violation of Labor Code §§ 226.7 and 516**

56.    All outside paragraphs of this Complaint are incorporated into this section.

57.    This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 226.7 and 516, which require non-exempt employees be authorized to take complaint rest periods (or rest period premiums in lieu thereof), and which further provide a private right of action for an employer's failure to lawfully provide all rest periods and/or pay rest period premiums at the lawful regular rate of compensation.

58.    Defendants willfully failed in their affirmative obligation to consistently authorize and permit Plaintiff and class members to receive compliant, duty-free rest periods of not less than ten (10) minutes for every four hours worked (or major fraction thereof) in violation of Labor Code sections 226.7, 516, 558, and 1198 and the IWC Wage Orders (the "Rest Periods" sections of the applicable orders).

59.    Further, Defendants willfully failed in their affirmative obligation to consistently pay Plaintiff and class members one additional hour of pay at the respective regular rate of compensation for each workday that a fully compliant rest period was not provided, in violation of Labor Code sections 226.7, 516, 558, and 1198 and the IWC Wage Orders.

**FIFTH CAUSE OF ACTION**

**FAILURE TO PAY ALL PAID SICK LEAVE WAGES**

**Violation of Labor Code §§ 200, 218, 246 *et seq.***

60.    All outside paragraphs of this Complaint are incorporated into this section.

61.    Defendants knowingly and intentionally failed in their affirmative obligation to pay sick leave wages to Plaintiff and a paid sick leave subclass in violation of Labor Code section 246 *et seq.*  Paid sick leave earnings constitute wages for purposes of California wage and hour law. (*Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1103 ["Courts have recognized that 'wages' also include those benefits to which an employee is entitled as a part of his or her compensation, including money, room, board, clothing, vacation pay, and sick pay"].)

- 11 -

62.    Labor Code section 246(l), in conjunction with Labor Code section 248 *et seq.*, 248.1, 248.2, and 248.6, in addition to the applicable County sick pay ordinances in locales worked by class members, govern how Defendants were required to calculate paid sick leave.

63.    Defendants failed to pay Plaintiff and class members their paid sick leave wages at one of the lawful rates set forth in the statute or ordinancey because Defendants failed to include in their sick leave calculation the additional remuneration received by Plaintiff and class members (i.e., at the regular rate of pay and/or calculated based on total wages earned).

64.    Furthermore, to the extent the paid sick leave paid constitutes Covid-related paid sick leave, Defendants knowingly and intentionally failed in their affirmative obligation to pay Covid-19 Supplemental Sick Leave wages to class members at the correct accrual rate or hourly pay rate in violation of Labor Code sections 246, 248.1, 248.2, and 248 *et seq.*

65.    As a result, Defendants violated the Labor Code and are liable to Plaintiff and class members for underpaid sick leave wages, in addition to interest, attorneys' fees, and costs.

### SIXTH CAUSE OF ACTION

### UNTIMELY PAYMENT OF WAGES

### Violation of Labor Code §§ 204, 210, 218

66.    All outside paragraphs of this Complaint are incorporated into this section.

67.    This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 204, 204b, and 210 which require non-exempt employees be timely paid all wages owed each pay period, and which further provide a private right of action for an employer's failure to comply with this obligation.  Labor Code § 218 authorizes individuals to sue directly for wages and penalties due under these sections, including Labor Code § 210(c)'s statutory late payment penalties.

68.    Defendants willfully failed in their affirmative obligation to timely pay all wages, including paid sick leave and meal and rest premiums, earned by Plaintiff and class members twice during each calendar month on days designated in advance by the employer as regular paydays (for employees paid on a non-weekly basis) and on the regularly-scheduled weekly payday for weekly employees, if any, in violation of Labor Code sections 204 and 204b and the IWC Wage Orders (the "Minimum Wages" sections of the applicable orders).

CLASS ACTION COMPLAINT
*Murgas v. Walashek Industrial & Marine, Inc.*

1    69.    Plaintiff and class members are entitled to recover the full amount of the unpaid wages,

2    in addition to a statutory penalty in the amount of $100 for the initial violation for each failure to pay

3    each employee and $200 for all subsequent violations and for all willful or intentional violations for

4    each failure to pay each employee, plus 25 percent of the amount unlawfully withheld under provided

5    in Labor Code § 210, in addition to interest, attorneys' fees, and costs to the extent permitted by law.

### SEVENTH CAUSE OF ACTION

### WAGE STATEMENT VIOLATIONS

### Violation of Labor Code § 226

9    70.    All outside paragraphs of this Complaint are incorporated into this section.

10    71.    This cause of action is brought by a wage statement subclass pursuant to Labor Code

11    § 226(a) which requires non-exempt employees be provided accurate itemized wage statements each

12    pay period, and which further provide a private right of action for an employer's failure to comply

13    with this obligation.

14    72.    Defendants knowingly and intentionally failed in their affirmative obligation to provide

15    accurate itemized wage statements to Plaintiff and class members resulting in injury to Plaintiff and

16    class members.    Specifically, the wage statements issued to Plaintiff and class members did not

17    accurately state each pay period all of the information required by Labor Code § 226(a)(1)-(9).

18    73.    Defendants' unlawful acts and omissions deprived Plaintiff and class members of

19    accurate itemized wage statements, causing confusion and concealing wage and premium

20    underpayments.

21    74.    As a result, Plaintiff and class members are entitled to recover the statutory penalty of

22    $50 per employee for the initial pay period in which a violation occurred and $100 per employee for

23    each violation in a subsequent pay period, up to an aggregate penalty of $4,000 per employee, in

24    addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor

25    Code section 226(e).

26

27

28

CLASS ACTION COMPLAINT
*Murgas v. Walashek Industrial & Marine, Inc.*

## EIGHTH CAUSE OF ACTION

### WAITING TIME PENALTIES

#### Violation of Labor Code §§ 201 *et seq.*

75.    All outside paragraphs of this Complaint are incorporated into this section.

76.    This cause of action is brought by a waiting time subclass pursuant to Labor Code §§ 201 through 203, which require an employer to timely pay all wages earned upon termination of employment, and which further provide a private right of action to recover statutory waiting time penalties each day an employer fails to comply with this obligation, up to a maximum of 30 days wages.

77.    Defendants willfully failed and continue to fail in their affirmative obligation to pay all wages earned and unpaid to Plaintiff and class members immediately upon termination of employment or within 72 hours thereafter for employees who did not provide at least 72 hours prior notice of his or her intention to quit, and further failed to pay those sums for 30 days thereafter in violation of Labor Code sections 201 through 203 and the IWC Wage Orders.

78.    Plaintiff and class members are entitled to recover a waiting time penalty for a period of up to 30 days, in addition to interest, attorneys' fees, and costs to the extent permitted by law.

## NINTH CAUSE OF ACTION

### FAILURE TO REIMBURSE BUSINESS EXPENSES

#### Violation of Labor Code § 2802

79.    All outside paragraphs of this Complaint are incorporated into this section.

80.    Defendants willfully failed in their affirmative obligation to reimburse Plaintiff and a reimbursement subclass for all necessary expenditures, losses, expenses, and costs incurred by them in direct discharge of the duties of their employment, in violation of Labor Code section 2802.

81.    Defendants' unlawful acts and omissions deprived Plaintiff and class members of lawful reimbursements for business expenses in amounts to be determined at trial. Plaintiff and class members are entitled to recover the amount unreimbursed expenses of Plaintiff and class members in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 2802.

- 14 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### TENTH CAUSE OF ACTION

### UNFAIR COMPETITION

### Violation of Business and Professions Code §§ 17200 *et seq.*

82.    All outside paragraphs of this Complaint are incorporated into this section.

83.    Defendants have engaged and continue to engage in unfair and/or unlawful business practices in the State of California in violation of California Business and Professions Code § 17200 by committing the foregoing wage and hour violations alleged throughout this Complaint.

84.    Defendants' dependence on these unfair and/or unlawful business practices deprived Plaintiff and continue to deprive other class members of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage to Defendants over competitors who have been and/or are currently employing workers in compliance with California's wage and hour laws.  These failures constitute unlawful, deceptive, and unfair business acts and practices in violation of Business and Professions Code section 17200 *et seq.*

85.    Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged in this Complaint, and Plaintiff, as an individual and on behalf of others similarly situated, seeks full restitution of the moneys as necessary and according to proof to restore all monies withheld, acquired, and/or converted by Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

86.    Plaintiff does not have an adequate remedy at law for past or future violations, to the extent the statute of limitations on each of the alleged causes of action does not extend to the four year limitation provided under the UCL or to the extent the underlying Labor Code and IWC Wage Order violations do not provide a private right of action.

87.    Plaintiff and class members are entitled to injunctive relief against Defendants, restitution, and other equitable relief to return all funds over which Plaintiff and class members have an ownership interest and to prevent future damage and the public interest under Business and Professions Code § 17200 *et seq.*  Plaintiff and class members are further entitled to recover interest, attorneys' fees, and costs to the extent permitted by law, including under Code of Civil Procedure § 1021.5.

CLASS ACTION COMPLAINT

*Murgas v. Walashek Industrial & Marine, Inc.*

## **PRAYER**

Plaintiff prays for judgment as follows:

a.    For certification of this action as a class action;

b.    For appointment of Plaintiff as the class representative;

c.    For appointment of above-captioned counsel for Plaintiff as Class Counsel;

d.    For division of class members into appropriate classes and/or subclasses according to proof;

e.    For recovery of all statutory penalties and liquidated damages;

f.    For disgorgement of all amounts wrongfully obtained to the extent permitted by law;

g.    For restitution and injunctive relief;

h.    For attorneys' fees and costs of suit, including expert fees, to the extent permitted by law, including (without limitation) under Labor Code §§ 218.5, 226, 1194, 2802 and Code of Civil Procedure § 1021.5.;

i.    For recovery of damages in amount according to proof;

j.    For all recoverable pre- and post-judgment interest; and

k.    For such other relief the Court deems just and proper.

Dated: December 19, 2024                  ***Ferraro Vega Employment Lawyers, Inc.***

Nicholas J. Ferraro
*Attorney for Plaintiff Kevin Murgas*

- 16 -
CLASS ACTION COMPLAINT
*Murgas v. Walashek Industrial & Marine, Inc.*

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS:      330 W. Broadway | |
| MAILING ADDRESS:   330 W. Broadway | |
| CITY AND ZIP CODE:   San Diego, 92101 | |
| BRANCH NAME:        Central | |
| TELEPHONE NUMBER: 619-450-7074 | |

| PLAINTIFF(S) / PETITIONER(S):  Kevin Murgas |
|---|
| DEFENDANT(S) / RESPONDENT(S):  Walashek Industrial & Marine Inc |
| MURGAS VS WALASHEK INDUSTRIAL & MARINE INC |

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 24CU029601C |
|---|---|

### CASE ASSIGNED FOR ALL PURPOSES TO:

Judge: BLAINE K. BOWMAN                                        Department: C-74

### COMPLAINT/PETITION FILED: 12/19/2024

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT |
|---|---|---|---|
| Case Management Conference | 07/25/2025 | 9:30 AM | C-74 |

**Case Management Conferences (CMCs) may be conducted virtually or in person.** Anyone wishing to appear remotely should visit the "Appearing for Hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150.  Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 24CU029601C

CASE TITLE: Murgas vs Walashek Industrial & Marine Inc

**NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
>    **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
>    **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_**
>    **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
| --- | --- |
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:**  A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference**: A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:**  A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute.  Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection</u>: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule <u>2.2.1</u> for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules <u>Division II, Chapter III</u> and Code Civ. Proc. <u>§ 1141.10</u> et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:    330 W. Broadway | |
| MAILING ADDRESS:    330 W. Broadway | |
| CITY AND ZIP CODE:    San Diego, 92101 | |
| BRANCH NAME:    Central | |

PLAINTIFF(S):  Kevin Murgas

DEFENDANT(S):  Walashek Industrial & Marine Inc

SHORT TITLE: MURGAS VS WALASHEK INDUSTRIAL & MARINE INC

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>24CU029601C |
|---|---|

Judge:  BLAINE K. BOWMAN                                        Department:  C-74

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐  Mediation (court-connected)               ☐  Non-binding private arbitration

☐  Mediation (private)                         ☐  Binding private arbitration

☐  Voluntary settlement conference (private)   ☐  Non-binding judicial arbitration (discovery until 15 days before trial)

☐  Neutral evaluation (private)                ☐  Non-binding judicial arbitration (discovery until 30 days before trial)

☐  Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                        Date: _____

_____                           _____
Name of Plaintiff                                      Name of Defendant

_____                           _____
Signature                                              Signature

_____                           _____
Name of Plaintiff's Attorney                           Name of Defendant's Attorney

_____                           _____
Signature                                              Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 12/20/2024                                      _____
                                                       JUDGE OF THE SUPERIOR COURT