Nicholas J. Ferraro (State Bar No. 306528)
Lauren N. Vega (State Bar No. 306525)
Xavier L. Woodford (State Bar No. 355326)
Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
(619) 693-7727 main / (619) 350-6855 fax
nick@ferrarovega.com / lauren@ferrarovega.com
xavier@ferrarovega.com

*Attorneys for Plaintiff Kevin Murgas*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MURGAS, individually and on behalf of others similarly situated,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>WALASHEK INDUSTRIAL & MARINE, INC., and DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No.  3:25-cv-00263-MMA-JLB<br><br>**CLASS ACTION**<br>**FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**<br>1. Failure to Pay All Wages Owed (FLSA, 29 U.S.C. §§ 201 et seq.)<br>2. Failure to Pay All Overtime Wages (FLSA, 29 U.S.C. §§ 201 et seq.)<br>3. Failure to Pay All Wages Owed (Labor Code §§ 200, 218, 1194, 1194.2 and 1197)<br>4. Failure to Pay All Overtime Wages (Labor Code §§ 510 and 1194)<br>5. Meal Period Violations (Labor Code §§ 226.7 and 512)<br>6. Rest Period Violations (Labor Code §§ 226.7 and 516)<br>7. Paid Sick Leave Violations (Labor Code §§ 200, 218, 246 et seq.)<br>8. Untimely Payment of Wages (Labor Code §§ 204, 210, 218)<br>9. Wage Statement Violations (Labor Code § 226)<br>10. Waiting Time Penalties (Labor Code §§ 201 et seq.)<br>11. Failure to Reimburse Business Expenses (Labor Code § 2802)<br>12. Unfair Competition (Bus. & Prof. Code § 17200 et seq.) |

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
*Murgas v. Walashek Industrial & Marine, Inc.*

Plaintiff KEVIN MURGAS, on behalf of all others similarly situated ("Plaintiff") brings this FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT against Defendants WALASHEK INDUSTRIAL & MARINE, INC., and DOES 1 through 50, inclusive (collectively "Defendants"), alleging as follows:

## INTRODUCTION

1.      This is a class and collective action for Defendants wage and hour violations.

2.      Defendants failed to compensate Plaintiff and the class members for all hours suffered or permitted to work in violation of the applicable IWC Wage Order.

3.      Defendants' underpayment of wages facilitated by their unlawful company-wide practice of requiring off-the-clock work without compensation and editing time records to show fewer hours worked than Plaintiff and the class members actually worked.

4.      Defendants failed to pay Plaintiff and the class members all minimum and overtime wages due to unlawful policies and practices of requiring off-the-clock work.

5.      Defendants failed to provide, authorize, and/or permit Plaintiff and the class members to take compliant meal and rest periods to which they were entitled. Yet, Defendants did not pay Plaintiff and the class members all meal and rest period premiums.

6.      Defendants failed to reimburse Plaintiff and the class member for necessary expenses incurred in furtherance of the class members' job duties.

7.      Defendants' employment policies, practices, and payroll administration systems enabled and facilitated these violations on a company-wide basis with respect to the class members.

8.      Defendants are further liable for derivative claims for wage statement, untimely payment, and other associated violations.

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
*Murgas v. Walashek Industrial & Marine, Inc.*

**JURISDICTION & VENUE**

9.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, along with jurisdiction under 29 U.S.C. § 216(b) (FLSA actions "may be maintained against any employer … in any Federal or State court of competent jurisdiction").

10.     Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims arose in this district, as Plaintiff brings claims on behalf of a California class of current and former California employees who worked throughout California, including at Defendants worksite in San Diego County.

11.     ***The claims brought under California State law expressly DO NOT include claims for any work performed on federal enclaves and only pursues and alleges state law claims that occurred in California for work performed that was subject to California wage and hour laws.   Specifically, although Plaintiff acknowledges that some of his work was performed on federal enclaves, Plaintiff and other class members also performed work in the State of California, not on federal enclaves, such as at the Walashek shop in National City, California.***

**PARTIES**

**A.    Plaintiff Kevin Murgas**

12.     Plaintiff Murgas is an individual over 18 years of age who worked for Defendants in California as a non-exempt employee from about April 2023 to October 2024.

13.     Plaintiff worked as a Mechanic I.

14.     Plaintiff worked in San Diego County as an employee of Defendants.

15.     Defendants paid various forms of remuneration to Plaintiff during his employment including overtime, and premiums under Labor Code § 226.7.

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
*Murgas v. Walashek Industrial & Marine, Inc.*

16.    Plaintiff Murgas provides written consent to join the FLSA action by virtue of filing this Complaint and attaches a written consent hereto as **Exhibit 1**.

**B.    Defendants**

17.    Throughout the respective statutory periods Walashek Industrial & Marine, Inc., was the legal employer of Plaintiff and the class and collective members.

18.    Walashek Industrial & Marine, Inc., is a Washington corporation that maintains operations and conducts business throughout the State of California, including in this county.

19.    Plaintiff is informed, believes, and alleges that during the previous four-year period, Defendants have employed class and collective members throughout the United States, including but not limited to California.

20.    The true names and capacities, whether individual, corporate, or otherwise, of the parties sued as DOES 1 through 50, are presently unknown, unascertainable, or uncertain, and are sued by such fictitious names under Code of Civil Procedure section 474.  Upon information and belief, each of DOES 1 through 50 constitutes a legal employer or is otherwise legally responsible in some manner for the acts and omissions alleged herein.  This Complaint may be amended to reflect their true names and capacities once ascertained.

21.    Upon information and belief, Defendants in this action are employers, co-employers, joint employers, and/or part of an integrated employer enterprise, as each of the Defendants exercised control over the wages, hours, and working conditions of the employees, suffered and permitted them to work, and otherwise engaged them as employees under California law.

22.    Upon information and belief, at least some of the Defendants have common ownership, common management, interrelationship of operations, and centralized control over labor relations and are therefore part of an integrated enterprise

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
*Murgas v. Walashek Industrial & Marine, Inc.*

and thus jointly and severally responsible for the acts and omissions alleged herein, including pursuant to Labor Code sections 558, 558.1, and 1197.1.

23.    Upon information and belief, Defendants acted in all respects pertinent to this action as an alter-ego, agent, servant, joint employer, joint venturer, co-conspirator, partner, in an integrated enterprise, or in some other capacity on behalf of all other co-defendants, such that the acts and omissions of each defendant may be legally attributable to all others.

## CLASS ALLEGATIONS

24.    Plaintiff brings the Third through Twelfth Causes of Action individually and on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid wages, unpaid premiums, penalties, and other damages related to Defendants' violations of the California Labor Code and IWC Wage Orders.

25.    Plaintiff pursues the requested relief on behalf of the following California Class:

a.    All current and former non-exempt hourly employees of Defendants who worked in the State of California at any time during the four years (plus 178-day tolling period under Emergency Rule No. 9) preceding the filing of this action through the date of certification (hereinafter, the "California Class Members" or "California Class" and the "California Class Period").

26.    Plaintiff may move the Court based on more precisely defined subclasses according to proof after close of evidence on those issues, including subclasses for the overtime violations, meal period violations, rest period, etc.

27.    Plaintiff is a member of the California Class he seeks to represent because he worked in the State of California within the past two years (including within the past 12 months) for Defendants, and because he was an employee who earned wages from Defendant during that period.

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
*Murgas v. Walashek Industrial & Marine, Inc.*

28.     Plaintiff estimates that the California Class, including current and former employees during the California Class Period, will exceed one hundred members, though the precise number of individuals in California should be readily available from Defendants' personnel file records and other personnel and pay records they are required to keep and maintain under state and federal laws.

29.     This action has been brought and may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined common interest of many persons, and it is impractical to bring them all before the Court.  Plaintiff reserves the right to modify the California Class description or further divide it into subclasses.

30.     **Ascertainability**: The proposed California Class and its subclasses are ascertainable because they can be identified and located using Defendants payroll, employment, and personnel records.

31.     **Numerosity**: The potential members of the California Class and its subclasses as defined are so numerous that joinder of all members would be infeasible and impractical.  The disposition of their claims through this class action will benefit both the parties and this Court.  The number of members of the California Class and subclasses is unknown to Plaintiff but is estimated to be more than 100 individuals. The number and identity of members can be readily ascertained using Defendants' records.

32.     **Typicality**: Plaintiff's claims are typical of California Class and its subclasses because all sustained similar damages arising out of Defendants common course of conduct in violation of law, particularly with respect to Defendants unlawful policy and practice of requiring off the clock work and editing time records, for purposes of calculating and paying minimum wages, overtime wages, and Labor Code § 226.7 wages.

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
*Murgas v. Walashek Industrial & Marine, Inc.*

33.    **Adequacy**: Plaintiff is an adequate representative of the California Class, will fairly protect the interests of California Class, has no interests antagonistic to California Class Members.   He will vigorously pursue this lawsuit.   Plaintiff's attorneys are competent, skilled, and experienced in litigating large wage and hour class actions.

34.    **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of this controversy.   Each California Class Member has been damaged, and is entitled to recovery, because of Defendants unlawful policies.   A class action will allow litigation of claims in the most efficient and economical manner for the parties and judicial system.   Plaintiff is unaware of any likely difficulties in managing this action that precludes a class action.

35.    Although Plaintiff and the California Class Members may have had different job titles, worked in different cities and counties, and received different hourly rates of pay, this action may be properly maintained as a class action because Plaintiff and the California Class were similarly situated:

a.    Plaintiff and the California Class Members were all hourly, non-exempt employees.

b.    Plaintiff and the California Class Members were not paid for work completed while off-the-clock, nor were they paid for time spent waiting and completing security checks.

c.    Plaintiff and the California Class Members were subject to Defendants' policies, practices, and directives with respect to minimum wages and overtime pay.

d.    Plaintiff and the California Class Members were paid overtime wages, double time wages, and/or premium wages under Labor Code § 226.7.

e.    Plaintiff and the California Class Members were also paid and accrued paid sick leave under Labor Code §§ 246 through 248.7.

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
*Murgas v. Walashek Industrial & Marine, Inc.*

f.    Regardless of their job title or location, Defendants did not provide Plaintiff and the California Class Members with written notice of the amount of paid sick leave available on the employees itemized wage statements.

g.    Plaintiff and the California Class Members were also not paid for their time spent working through uncompensated meal periods, while off-the-clock.

h.    Regardless of their job title or location, Defendants did not pay Plaintiff and the California Class Members premium pay under Labor Code § 226.7 when required for missed meal/rest periods at the lawful regular rate of compensation.

i.    Plaintiff and Class Members were also deprived of reimbursement for work related expenses under Labor Code § 2802.

j.    Regardless of their job title or location, Defendants did not pay Plaintiff and the California Class Members sick pay under Labor Code § 246 in the same manner as the lawful regular rate of pay for the workweek.

## **GENERAL ALLEGATIONS**

36.    Plaintiff and the class and collective members worked for Defendants as non-exempt employees and were compensated on an hourly basis.

37.    Defendants failed to pay Plaintiff and the class members at the lawful minimum wage rate for all hours worked, resulting in unpaid minimum wages.

38.    First, Defendants engaged in an unlawful policy and practice of requiring Plaintiff and the class members to complete work while off-the-clock, without compensation. For example, Defendants failed to pay Plaintiff and the class members for all hours worked because of Defendants' practice of editing employees' time records to insert false meal period entries (i.e., timeshaving).

39.    Defendants engaged in a pattern of editing employees' time records that resulted in an underpayment of regular and overtime wages to Plaintiff and the class members. For example, when Plaintiff worked 10 hours in a day, Defendants would auto-deduct 30 minutes from his timesheet. The revisions were made without

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
*Murgas v. Walashek Industrial & Marine, Inc.*

employees' consent. Plaintiff and the class members were deprived of regular, and overtime wages each time Defendants altered their time records to make it appear as though they had taken a 30-minute meal period when in reality they had a shorter/interrupted meal period or no meal period at all. Plaintiff is informed and believes that other employees suffered the same violations.

40.    Second, Plaintiff and other class members were required to arrive at the job site about 20-30 minutes before their scheduled time in order to complete security checks at the gate entrance, but they were not allowed to clock in for the time spent waiting and completing these security checks. Instead, Plaintiff and class members were required to clock in when they arrived at the ship or at their scheduled time, rendering the time spent waiting in the security check non-compensable and off-the-clock. The California Supreme Court has held "time spent on the employer's premises waiting for, and undergoing, required exit searches of packages, bags, or personal technology devices voluntarily brought to work purely for personal convenience was compensable as 'hours worked' within the meaning of wage order No. 7-2001" reasoning that "[a]ccording to the 'hours worked' control clause in the wage order, such employee[s] must be paid. *Frlekin v. Apple Inc.* (2020) 8 Cal. 5th 1038. Plaintiff and, on information and belief, other class members were not properly compensated for the time it took them to undergo security checks, resulting in unpaid minimum wage and overtime for the associated hours worked.

41.    Defendants failed to pay Plaintiff and the class members overtime wages at the lawful rate of pay for overtime hours worked, resulting in unpaid overtime wages.

42.    As described above, Defendants engaged in an unlawful policy and practice of requiring off-the-clock work. To the extent that this unlawful practice resulted in unpaid hours worked over eight (8) hours in a day or (40) hours in a week, this resulted in unpaid overtime.

43.    Defendants failed to comply with California's paid sick leave laws with respect to the class members. Due to Defendants' unlawful policy of requiring Plaintiff and the class members to continue working off-the-clock, Defendants failed to provide Plaintiff and the class members with all sick leave accrued. Therefore, Plaintiff and the class members were underpaid sick pay whenever Defendants failed to include all hours worked.

44.    Further, Defendants violated Labor Code section 246(i) by failing to provide Plaintiff and the class members with written notice of the amount of paid sick leave available on the employees itemized wage statement. An illustrative example of this violation is shown in Plaintiff's wage statement for the pay period from 6/24/2024 to 7/7/2024. Here, Plaintiff earned eight (8) hours of paid time off ("PTO") and/or sick pay at a rate of $26.00 per hour and worked 64 regular hours. However, Defendants failed to provide written notice of the leave accrual amount on Plaintiff's wage statement. Plaintiff is informed and believes that other employees suffered the same violations.

45.    Defendants failed to provide compliant meal periods to Plaintiff and the class members to which they were entitled in a manner that complies with California Law. Plaintiff and the class members routinely experienced missed, late, short, and/or interrupted meal periods in order to keep up with high demands of the job. For example, when Plaintiff was scheduled to start work at 5:00am – 3:30pm, Defendants required Plaintiff to take his lunch at 10:50am every day (after the 5th hour). Plaintiff alleges that he was prohibited from taking a meal break whenever he could because Defendants' set a time for him to take a lunch break each day. Thus, Defendants maintained an unlawful policy and practice of requiring employees to take noncompliant meal periods.

46.    Moreover, and as mentioned above, despite Defendants' failure to provide compliant meal periods, Defendants willfully engaged in this auto-deduct policy for meal periods. Specifically, the time punches for Plaintiff and, on information and belief,

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
*Murgas v. Walashek Industrial & Marine, Inc.*

other class members reflect automatic deductions of 0.5 hours (or 30 minutes) almost every workday, regardless of whether a meal period was taken. Defendants engaged in this unlawful policy and practice without the employees' consent, and without the option to edit the auto-deductions in their timesheets.

47.    Lastly, Defendants failed to provide Plaintiff and class members with a compliant first and second meal period when they worked 10 or more hours in a day. An illustrative example of this violation is shown in Plaintiff's Time Records from 01/14/2024 to 01/18/2024 and Wage Statement for the period between 01/08/2024 to 01/21/2024. On 1/16/2024 and 1/18/2024, Plaintiff worked over 12 hours in a day without a compliant first and second meal period. Thus, Plaintiff was owed a meal period premium for each noncompliant meal period suffered. However, Defendants failed to pay Plaintiff a premium during the pay period he suffered such violations. When Defendants did not provide compliant meal periods, Defendants failed to pay Plaintiff and other class members all meal period premiums in violation of Labor Code section 226.7. Plaintiff is informed and believes this unlawful practice of failing to pay all meal period premiums occurred with respect to other class members.

48.    Similar to the reasons Plaintiff and other class members were unable to take compliant meal periods, such as the pressures to keep up with high demands of the job, Plaintiff and the class members were not authorized or permitted to take their rest periods. Moreover, when Plaintiff and the class members worked over 10 hours in a day, Defendants failed to provide compliant third rest periods. As a matter of common policy and practice, Defendants failed to pay Plaintiff, and the class members rest period premiums when they were unable to take rest periods.

49.    Defendants required Plaintiff and the class members to incur costs for work-related purposes without full reimbursement. In direct consequence of their job duties, Plaintiff and the class members unavoidably and necessarily incurred these losses, expenditures, costs, and as a matter of policy and practice. Specifically,

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
*Murgas v. Walashek Industrial & Marine, Inc.*

Defendants required Plaintiff and the class members to utilize their personal cell phone to complete necessary work tasks, such as contacting drivers to bring supplies to the drop site. Furthermore, Defendants required Plaintiff and class members to purchase and utilize their own tools such as dockets, ratchets, and wrenches for work-related purposes.

50.    Defendants did not provide reimbursement for employees' use of personal cell phones and tools. Instead, Plaintiff and the class members bore the cost of these requirements, without reimbursement.

51.    Defendants failed to provide accurate itemized wage statements to the class members each pay period as a result of the policies and practices set forth in the PAGA notice. Defendants violated Labor Code section 226(a)(1) and (5) by not listing the correct "gross wages earned" or "net wages earned," as the employees earned wages and premiums that were not paid, resulting in an inaccurate reflection, and recording of "gross wages earned" on those wage statements.

52.    Likewise, in violation of Labor Code section 226(a)(9), Defendants failed to state on employee wage statements each pay period the applicable hourly rates in effect and the number of hours worked at that rate, as Defendants failed to pay all wages and premiums owed to employees. The amounts stated are instead depreciated and underpaid, resulting in an inaccurate reflection on the pay stub.

53.    Defendants violated Labor Code section 226(a)(2) by failing to accurately list employees' "total hours worked," as the wage statements did not accurately include the uncompensated time Plaintiff and other class members worked due to Defendants policy and practice of requiring off-the-clock work and time shaving.

54.    Because of the policies and practices set forth in the PAGA notice, including the failure to accurately account for wages earned or hours worked, Defendant failed to accurately maintain records in accordance with Labor Code section 1174 and the IWC Wage Orders.

55.     As a result of the foregoing violations, Defendants also failed to timely pay all wages as they were due to Plaintiff and the class members while they were employed and also failed to timely pay all wages due to Plaintiff and class members at their separation of employment.

## FLSA COLLECTIVE ACTION

56.     Plaintiff brings the FLSA claims individually and on behalf of all others similarly situated pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime wages, liquidated damages, and other damages related to Defendants violation of the FLSA.

57.     Plaintiff pursues the requested relief on behalf of the following FLSA Collective:

> a.  All current and former non-exempt hourly employees of Defendants who worked in the United States of America at any time during the three years preceding the filing of this action through the present date (hereinafter, the "FLSA Collective" and the "FLSA Period").

58.     Furthermore, within the FLSA Collective is a group of identifiable individuals who were paid regular and overtime wages in the same pay period in which they also worked off-the-clock hours that were not accounted for, and such a group is entitled to certification as a collective for the overtime regular rate claims.

59.     Plaintiff is a member of the FLSA Collective he seeks to represent because he worked in the United States of America within the past three years for Defendants and he was underpaid minimum and overtime wages in the same pay period in which he worked off-the-clock.

60.     Although Plaintiff and the FLSA Collective may have had different job titles, worked in different states or at different locations, and received different hourly rates of pay, this action may be properly maintained as a collective action because Plaintiff and the FLSA Collective were similarly situated as follows:

> b.  Plaintiff and the FLSA Collective were all hourly, non-exempt employees.

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
*Murgas v. Walashek Industrial & Marine, Inc.*

c.  Plaintiff and the FLSA Collective were subject to Defendants' policies, practices, and directives with respect to regular overtime pay.

d.  Plaintiff and the FLSA Collective were paid regular and overtime wages.

e.  Plaintiff and the FLSA Collective were required to complete security checks and other work while off-the-clock.

f.  Plaintiff and the FLSA Collective were subject to Defendants unlawful policy and practice of editing time records to include automatic deductions.

g.  Regardless of their job title or location, Defendants did not pay Plaintiff and the FLSA Collective for all regular and overtime hours worked.

61.    Plaintiff estimates that the FLSA Collective, including current and former employees during the FLSA Period, will exceed one hundred members, though the precise number of individuals in the FLSA Collective should be readily available from Defendants' personnel file records and other personnel and pay records they are required to keep and maintain under state and federal laws.

62.    The FLSA claims may be properly brought and maintained as an opt-in collective action.  29 U.S.C. 216(b).  The FLSA Collective can be provided notice by first class mail and/or email to the last addresses known to their employer.

## **FIRST CAUSE OF ACTION**

### **FAILURE TO PAY ALL WAGES OWED**

### **FLSA – 29 U.S.C. §§ 201 *et seq.***

### **(Plaintiff and the FLSA Collective Against Defendants)**

62.    Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

63.    At all relevant times, Defendants has been, and continues to be, an "employer" engaged in "interstate commerce" within the meaning of FLSA, 29 U.S.C.§ 203, and Defendant has employed, and continues to employ the Covered Employees as "employee[s]" within the meaning of the FLSA.

- 13 -

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
*Murgas v. Walashek Industrial & Marine, Inc.*

64.    Defendants knowingly, willfully, and intentionally, failed to compensate Plaintiff and the FLSA Collective all wages under the FLSA, including agreed upon wages and the applicable minimum wage, as mandated by 29 U.S.C § 206(a).

65.    Defendants failed to pay Plaintiff and the FLSA Collective for all hours worked as a result of its policies of automatically deducting meal periods and requiring off-the-clock work.

66.    This practice resulted in Plaintiff and the FLSA collective being deprived of their regular wages.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY ALL OVERTIME WAGES

### FLSA - 29 U.S.C. §§ 201 *et seq.*

### (Plaintiff and the FLSA Collective Against Defendants)

67.    Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

68.    Defendants has been, and continues to be, an "employer" engaged in "interstate commerce" within the meaning of 29 U.S.C. § 203.

69.    Defendants has employed, and continues to employ, the FLSA Collective as "employee[s]" within the meaning of the FLSA.

70.    Defendants knowingly, willfully, and intentionally, failed to compensate Plaintiff and the FLSA Collective all overtime wages due under the FLSA, as mandated by 29 U.S.C. § 207(a).

71.    Defendants employed Plaintiff and the FLSA Collective to work, and they did work, in excess of forty (40) hours per week.

72.    Further, Defendants paid Plaintiff and the FLSA Collective bonuses and other forms of remuneration that were not subject to exclusion from the regular rate of pay under the FLSA.

73.    Defendants failed to pay Plaintiff and the FLSA Collective at one-and-one half times the regular rate of pay, inclusive of the aforementioned forms of remuneration, for hours in excess of forty (40) per week during the FLSA Period.

74.    Plaintiff and the FLSA Collective have been harmed as a direct and proximate result of Defendants' unlawful conduct because they have been deprived of overtime wages owed for time worked more than 40 hours per week (i.e., due to the off-the-clock work, time card edits, and regular rate underpayments).

75.    Defendants' violations of the FLSA, as described in this Complaint, have been willful and intentional.

76.    Defendants failed to make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and other similarly situated current and former employees, despite the unambiguous language of 29 U.S.C. § 207(a)(1) and the unambiguous eight allowable exclusions set forth in 29 U.S.C. § 207(e)(1) through (8).

77.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

78.    As a result of the unlawful acts of Defendants, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## THIRD CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES OWED

### Violation of Labor Code §§ 200, 218, 1194, 1194.2 and 1197

### (All Claims Alleged by Plaintiff and Class Members Against All Defendants)

79.    All outside paragraphs of this Complaint are incorporated into this section.

80.    This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 200, 218, 1182.12, 1194, 1194.2, 1197, 1197.1 and 1198 and the IWC

Wage Orders (the "Hours and Days of Work" and "Minimum Wages" sections of the applicable orders), which require non-exempt employees be timely paid at least the state or local minimum wage (if higher) for each hour of work, and further provide a private right of action for an employer's failure to pay all minimum wages (plus liquidated damages).  In addition to minimum wages, Labor Code § 200 states that "'wages' includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation."

81.   Defendants willfully failed in their affirmative obligation to pay Plaintiff and class members at least the lawful minimum wage for each hour worked in violation of Labor Code sections 1182.12, 1194, 1194.2, 1197, 1197.1 and 1198 and the IWC Wage Orders (the "Hours and Days of Work" and "Minimum Wages" sections of the applicable orders), including payment at the lawful local and county minimum wage ordinances in effect.  As a result, Defendants are liable for all associated damages, including liquidated damages for the minimum wage violations pursuant to Labor Code § 1194.2.

82.   Defendants' unlawful acts and omissions deprived Plaintiff and class members of minimum, regular and overtime wages in amounts to be determined at trial. Plaintiff and class members are entitled to recover the full amount of the unpaid wages, plus liquidated damages in an amount equal to the wages unlawfully unpaid (and interest thereon), in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code sections 1194 and 1194.2, 218.6 and any other applicable statutes.

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
*Murgas v. Walashek Industrial & Marine, Inc.*

## FOURTH CAUSE OF ACTION

## FAILURE TO PAY ALL OVERTIME WAGES

### Violation of Labor Code §§ 510 and 1194

83. All outside paragraphs of this Complaint are incorporated into this section.

84. This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 204, 510, 558, 1194, and 1198, which require non-exempt employees be timely paid overtime wages all overtime hours worked, and which further provide a private right of action for an employer's failure to pay all overtime compensation for overtime hours worked.

85. Defendants failed in their affirmative obligation to pay Plaintiff and class members no less than one and one-half times their respective "regular rate of pay" for all hours worked in excess of eight hours in one day, 40 hours in one week, or the first eight hours worked on the seventh day of work in any one workweek, and no less than twice their respective "regular rate of pay" for all hours over 12 hours in one day and any work in excess of eight hours on any seventh day of a workweek for such hours worked, in violation of Labor Code sections 204, 510, 558, 1194, and 1198 and the IWC Wage Orders (the "Hours and Days of Work" sections of the applicable orders).

86. Plaintiff and class members are entitled to recover the full amount of the unpaid overtime, in addition to interest, statutory and civil penalties, and attorneys' fees, and costs to the extent permitted by law.

## FIFTH  CAUSE OF ACTION

## MEAL PERIOD VIOLATIONS

### Violation of Labor Code §§ 226.7 and 512

87. All outside paragraphs of this Complaint are incorporated into this section.

88. This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 226.7, 558 and 512, which require non-exempt employees be provided complaint meal periods (or meal period premiums in lieu thereof), and which further

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
*Murgas v. Walashek Industrial & Marine, Inc.*

provide a private right of action for an employer's failure to lawfully provide all meal periods and/or pay meal period premiums at the lawful regular rate of compensation.

89.    Defendants willfully failed in their affirmative obligation to consistently provide Plaintiff and class members compliant, duty-free meal periods of not less than 30 minutes beginning before the fifth hour of hour for each work period of more than five hours per day and a second duty-free meal period of not less than 30 minutes beginning before the tenth hour of hour of work in violation of Labor Code sections 226.7, 512, 558, 1198 and the IWC Wage Orders (the "Meal Periods" sections of the applicable orders).

90.    Further, Defendants willfully failed in their affirmative obligation to consistently pay Plaintiff and class members one additional hour of pay at the respective regular rate of compensation for each workday that a fully compliant meal period was not provided, in violation of Labor Code sections 226.7, 512, 558, and 1198 and the IWC Wage Orders (the "Meal Periods" sections of the applicable orders).

91.    Plaintiff and class members are entitled to recover the full amount of the meal period premiums owed, in addition to interest, statutory and civil penalties, and attorneys' fees, and costs to the extent permitted by law.

## SIXTH CAUSE OF ACTION
### REST PERIOD VIOLATIONS
#### Violation of Labor Code §§ 226.7 and 516

92.    All outside paragraphs of this Complaint are incorporated into this section.

93.    This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 226.7 and 516, which require non-exempt employees be authorized to take complaint rest periods (or rest period premiums in lieu thereof), and which further provide a private right of action for an employer's failure to lawfully provide all rest periods and/or pay rest period premiums at the lawful regular rate of compensation.

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
*Murgas v. Walashek Industrial & Marine, Inc.*

94.    Defendants willfully failed in their affirmative obligation to consistently authorize and permit Plaintiff and class members to receive compliant, duty-free rest periods of not less than ten (10) minutes for every four hours worked (or major fraction thereof) in violation of Labor Code sections 226.7, 516, 558, and 1198 and the IWC Wage Orders (the "Rest Periods" sections of the applicable orders).

95.    Further, Defendants willfully failed in their affirmative obligation to consistently pay Plaintiff and class members one additional hour of pay at the respective regular rate of compensation for each workday that a fully compliant rest period was not provided, in violation of Labor Code sections 226.7, 516, 558, and 1198 and the IWC Wage Orders.

## SEVENTH CAUSE OF ACTION

### FAILURE TO PAY ALL PAID SICK LEAVE WAGES

### Violation of Labor Code §§ 200, 218, 246 *et seq.*

96.    All outside paragraphs of this Complaint are incorporated into this section.

97.    Defendants knowingly and intentionally failed in their affirmative obligation to pay sick leave wages to Plaintiff and a paid sick leave subclass in violation of Labor Code section 246 *et seq.*  Paid sick leave earnings constitute wages for purposes of California wage and hour law.  (*Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1103 ["Courts have recognized that 'wages' also include those benefits to which an employee is entitled as a part of his or her compensation, including money, room, board, clothing, vacation pay, and sick pay"].)

98.    Labor Code section 246(l), in conjunction with Labor Code section 248 *et seq.*, 248.1, 248.2, and 248.6, in addition to the applicable County sick pay ordinances in locales worked by class members, govern how Defendants were required to calculate paid sick leave.

99.    Defendants failed to pay Plaintiff and class members their paid sick leave wages at one of the lawful rates set forth in the statute or ordinancey because Defendants

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
*Murgas v. Walashek Industrial & Marine, Inc.*

failed to include in their sick leave calculation the additional remuneration received by Plaintiff and class members (i.e., at the regular rate of pay and/or calculated based on total wages earned).

100.    Furthermore, to the extent the paid sick leave paid constitutes Covid-related paid sick leave, Defendants knowingly and intentionally failed in their affirmative obligation to pay Covid-19 Supplemental Sick Leave wages to class members at the correct accrual rate or hourly pay rate in violation of Labor Code sections 246, 248.1, 248.2, and 248 *et seq*.

101.    As a result, Defendants violated the Labor Code and are liable to Plaintiff and class members for underpaid sick leave wages, in addition to interest, attorneys' fees, and costs.

### EIGHTH CAUSE OF ACTION
### UNTIMELY PAYMENT OF WAGES
### Violation of Labor Code §§ 204, 210, 218

102.    All outside paragraphs of this Complaint are incorporated into this section.

103.    This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 204, 204b, and 210 which require non-exempt employees be timely paid all wages owed each pay period, and which further provide a private right of action for an employer's failure to comply with this obligation.  Labor Code § 218 authorizes individuals to sue directly for wages and penalties due under these sections, including Labor Code § 210(c)'s statutory late payment penalties.

104.    Defendants willfully failed in their affirmative obligation to timely pay all wages, including paid sick leave and meal and rest premiums, earned by Plaintiff and class members twice during each calendar month on days designated in advance by the employer as regular paydays (for employees paid on a non-weekly basis) and on the regularly-scheduled weekly payday for weekly employees, if any, in violation of Labor

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
*Murgas v. Walashek Industrial & Marine, Inc.*

Code sections 204 and 204b and the IWC Wage Orders (the "Minimum Wages" sections of the applicable orders).

105.   Plaintiff and class members are entitled to recover the full amount of the unpaid wages, in addition to a statutory penalty in the amount of $100 for the initial violation for each failure to pay each employee and $200 for all subsequent violations and for all willful or intentional violations for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld under provided in Labor Code § 210, in addition to interest, attorneys' fees, and costs to the extent permitted by law.

**NINTH CAUSE OF ACTION**

**WAGE STATEMENT VIOLATIONS**

**Violation of Labor Code § 226**

106.   All outside paragraphs of this Complaint are incorporated into this section.

107.   This cause of action is brought by a wage statement subclass pursuant to Labor Code § 226(a) which requires non-exempt employees be provided accurate itemized wage statements each pay period, and which further provide a private right of action for an employer's failure to comply with this obligation.

108.   Defendants knowingly and intentionally failed in their affirmative obligation to provide accurate itemized wage statements to Plaintiff and class members resulting in injury to Plaintiff and class members.   Specifically, the wage statements issued to Plaintiff and class members did not accurately state each pay period all of the information required by Labor Code § 226(a)(1)-(9).

109.   Defendants' unlawful acts and omissions deprived Plaintiff and class members of accurate itemized wage statements, causing confusion and concealing wage and premium underpayments.

110.   As a result, Plaintiff and class members are entitled to recover the statutory penalty of $50 per employee for the initial pay period in which a violation occurred and $100 per employee for each violation in a subsequent pay period, up to an aggregate

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
*Murgas v. Walashek Industrial & Marine, Inc.*

penalty of $4,000 per employee, in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 226(e).

**TENTH CAUSE OF ACTION**

**WAITING TIME PENALTIES**

**Violation of Labor Code §§ 201 *et seq.***

111.   All outside paragraphs of this Complaint are incorporated into this section.

112.   This cause of action is brought by a waiting time subclass pursuant to Labor Code §§ 201 through 203, which require an employer to timely pay all wages earned upon termination of employment, and which further provide a private right of action to recover statutory waiting time penalties each day an employer fails to comply with this obligation, up to a maximum of 30 days wages.

113.   Defendants willfully failed and continue to fail in their affirmative obligation to pay all wages earned and unpaid to Plaintiff and class members immediately upon termination of employment or within 72 hours thereafter for employees who did not provide at least 72 hours prior notice of his or her intention to quit, and further failed to pay those sums for 30 days thereafter in violation of Labor Code sections 201 through 203 and the IWC Wage Orders.

114.   Plaintiff and class members are entitled to recover a waiting time penalty for a period of up to 30 days, in addition to interest, attorneys' fees, and costs to the extent permitted by law.

**ELEVENTH CAUSE OF ACTION**

**FAILURE TO REIMBURSE BUSINESS EXPENSES**

**Violation of Labor Code § 2802**

115.   All outside paragraphs of this Complaint are incorporated into this section.

116.   Defendants willfully failed in their affirmative obligation to reimburse Plaintiff and a reimbursement subclass for all necessary expenditures, losses, expenses,

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
*Murgas v. Walashek Industrial & Marine, Inc.*

and costs incurred by them in direct discharge of the duties of their employment, in violation of Labor Code section 2802.

117.    Defendants' unlawful acts and omissions deprived Plaintiff and class members of lawful reimbursements for business expenses in amounts to be determined at trial.    Plaintiff and class members are entitled to recover the amount unreimbursed expenses of Plaintiff and class members in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 2802.

## TWELFTH CAUSE OF ACTION

### UNFAIR COMPETITION

### Violation of Business and Professions Code §§ 17200 *et seq.*

118.    All outside paragraphs of this Complaint are incorporated into this section.

119.    Defendants have engaged and continue to engage in unfair and/or unlawful business practices in the State of California in violation of California Business and Professions Code § 17200 by committing the foregoing wage and hour violations alleged throughout this Complaint.

120.    Defendants' dependence on these unfair and/or unlawful business practices deprived Plaintiff and continue to deprive other class members of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage to Defendants over competitors who have been and/or are currently employing workers in compliance with California's wage and hour laws.    These failures constitute unlawful, deceptive, and unfair business acts and practices in violation of Business and Professions Code section 17200 *et seq.*

121.    Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged in this Complaint, and Plaintiff, as an individual and on behalf of others similarly situated, seeks full restitution of the moneys as necessary and according to proof to restore all monies withheld, acquired, and/or converted by Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
*Murgas v. Walashek Industrial & Marine, Inc.*

122.   Plaintiff does not have an adequate remedy at law for past or future violations, to the extent the statute of limitations on each of the alleged causes of action does not extend to the four year limitation provided under the UCL or to the extent the underlying Labor Code and IWC Wage Order violations do not provide a private right of action.

123.   Plaintiff and class members are entitled to injunctive relief against Defendants, restitution, and other equitable relief to return all funds over which Plaintiff and class members have an ownership interest and to prevent future damage and the public interest under Business and Professions Code § 17200 *et seq.*  Plaintiff and class members are further entitled to recover interest, attorneys' fees, and costs to the extent permitted by law, including under Code of Civil Procedure § 1021.5.

## **PRAYER**

Plaintiff prays for judgment as follows:

a.   For certification of this action as a class action;

b.   For certification of this action as an FLSA collective action;

c.   For appointment of Plaintiff as the representative of the classes and collective;

d.   For appointment of above-captioned counsel for Plaintiff as Class Counsel;

e.   For division of class members into appropriate classes and/or subclasses according to proof;

f.   For recovery of all civil and statutory penalties and liquidated damages;

g.   For disgorgement of all amounts wrongfully obtained to the extent permitted by law;

h.   For restitution and injunctive relief;

i.   For attorneys' fees and costs of suit, including expert fees, to the extent permitted by law, including (without limitation) under Labor Code §§ 218.5, 226, 1194, 2802 and Code of Civil Procedure § 1021.5.;

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
*Murgas v. Walashek Industrial & Marine, Inc.*

j.   For recovery of damages in amount according to proof;

k.   For all recoverable pre- and post-judgment interest; and

l.   For such other relief the Court deems just and proper.

Dated: March 14, 2025                **Ferraro Vega Employment Lawyers, Inc.**

*Nicholas J. Ferraro*

Nicholas J. Ferraro
*Attorney for Plaintiff Kevin Murgas*

- 25 -                    3:25-cv-00263-MMA-JLB

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
*Murgas v. Walashek Industrial & Marine, Inc.*