

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MURGAS, individually and on behalf of others similarly situated,<br><br>         Plaintiff,<br><br>v.<br><br>WALASHEK INDUSTRIAL & MARINE, INC.,<br><br>         Defendant. | Case No.:  25-cv-00263-JLB<br><br>**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

Pursuant to Rule 16.1.d of the Local Rules, a Case Management Conference was held on **May 12, 2025**.  After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, **IT IS HEREBY ORDERED**:

1. The Court understands that parties to litigation often enter into stipulations that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in specified way.  Any motion for a protective order entering such stipulation(s) in this case shall be filed as a joint motion no later than **May 30, 2025**, and comply with § VI of Magistrate Judge Jill L. Burkhardt's Civil

25-cv-00263-JLB

Chambers Rules. The parties may use Judge Burkhardt's model protective order, which is available on the Court's website under her Chambers Rules.[1]

If the need for a protective order is not initially apparent to the parties and only becomes apparent due to a later development in the case, the parties must seek leave to file a late motion for protective order. Any such motion shall be supported by good cause, which includes an explanation as to why the parties could not have anticipated the need for a protective order.

2.      Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed by **June 13, 2025**.

3.      All discovery that relates to class certification must be completed by all parties by **September 12, 2025**.[2] "Completed" means that all discovery under Rules 30–36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. All interrogatories, requests for admission, and document production requests related to class certification must be served by **July 18, 2025**.

**Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1.a.** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules. **A failure to comply in this regard will result in a**

---

[1]    https://www.casd.uscourts.gov/Judges/burkhardt/docs/Burkhardt%20Model%20Protective%20Order.docx

[2]    Discovery is not bifurcated. Both merits and class certification discovery are open.

**waiver of a party's discovery issue.  Absent an order of the Court, no stipulation continuing or altering this requirement will be recognized by the Court.**

Discovery disputes must be brought to the Court's attention in the time and manner required by § V of Judge Burkhardt's Civil Chambers Rules.  **All discovery disputes must be raised within 30 calendar days of the service of an objection, answer, or response that becomes the subject of dispute**, or the passage of a discovery due date without response or production, and only after counsel (and any unrepresented parties) have met and conferred to resolve the dispute.  *See* J. Burkhardt Civ. Chambers R. § V.

4.      Plaintiff's class certification motion <u>and</u> motion for preliminary "certification"[3] of the collective action must be filed by **<u>October 10, 2025</u>**.  Counsel for the moving party must obtain a motion hearing date from the law clerk prior to filing.

5.      The Court defers issuing the remainder of the pretrial schedule until the Court has ruled on the motion for class certification.

6.      The parties must review Judge Burkhardt's Civil Chambers Rules.

7.      The dates and times set forth herein will not be modified except for good cause shown.

8.      Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of court.  No reply memorandum shall exceed ten (10) pages without leave of court.  Briefs and memoranda

---

[3]      "Collective actions and class actions are creatures of distinct texts—collective actions of section 216(b), and class actions of Rule 23—that impose distinct requirements." *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1101 (9th Cir. 2018).  Although "neither 'certification' nor 'decertification' appears in text of section 216(b)," Rule 23 terminology has been widely adopted in Fair Labor Standards Act ("FLSA") collective action practice, resulting in the "inject[ion] [of] a measure of confusion into the wider body of FLSA jurisprudence." *Id.* (citation omitted).  "Despite the imprecision, we will adhere to the terms commonly used in collective action practice, as the terms are now widespread[;] [however,] we do not mean by the use of terms derived for the class action context to imply that there should be any particular procedural parallels between collective and class actions." *Id.* at 1102.

3

25-cv-00263-JLB

exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

9.    Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated:  May 12, 2025

_____
Hon. Jill L. Burkhardt
United States Magistrate Judge

25-cv-00263-JLB